**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>RICARDO AMILCAR RAMIREZ-TURCIOS,<br><br>Defendant - Appellant. | No. 15-10348<br>15-10349<br><br>D.C. No. 2:14-cr-00293-JAD<br>2:09-cr-00103-JAD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

In these consolidated appeals, Ricardo Amilcar Ramirez-Turcios appeals the

70-month sentence imposed following his guilty-plea conviction for being a

deported alien found unlawfully in the United States, in violation of 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1326(a), and the partially consecutive 24-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ramirez-Turcios contends that the district court procedurally erred by (1) failing to explain adequately its determination to run the revocation sentence partially consecutive to the sentence imposed for the new criminal conviction, and (2) imposing the revocation sentence in order to promote respect for the law. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects the district court considered only the 18 U.S.C. § 3583(e) sentencing factors, including the need to provide adequate deterrence, and sufficiently explained the basis for the revocation sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Ramirez-Turcios also contends that the 78-month aggregate sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the relevant sentencing factors and the totality of the circumstances, including Ramirez-Turcios's criminal and immigration history. *See* U.S.S.G. § 7B1.3(f); *Gall*, 552 U.S. at 51.

**AFFIRMED.**